# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVERSPAN INDEMNITY INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VDV TRUCKING INC. ) | |
| MURODJON YULDASHEV ) | Case No. 1:24-cv-8871 |
| Defendants, ) | |
| ) | |
| ESTATE OF QUYEN T. NGUYEN, ESTATE OF ) | |
| BANG KIM NGUYEN, ESTATE OF PHUONG H. ) | |
| NGUYEN, ESTATE OF THAM NGUYEN, AND ) | |
| DUNG D. NGUYEN, ) | |
| ) | |
| Nominal Defendants as Potentially Interested Parties ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff EVERSPAN INDEMNITY INSURANCE COMPANY ("Everspan"), by and through its attorneys, for its complaint for declaratory judgment against defendants VDV TRUCKING INC. ("VDV"), MURODJON YULDASHEV ("Yuldashev"), ESTATE OF QUYEN T. NGUYEN, ESTATE OF BANG KIM NGUYEN, ESTATE OF PHUONG H. NGUYEN, ESTATE OF THAM NGUYEN, and DUNG D. NGUYEN, alleges upon information and belief as follows:

**STATEMENT OF THE CASE**

1. Pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff, Everspan, seeks a declaration that it is not obligated to defend or indemnify Defendant, VDV, from potential liability under an insurance policy issued to VDV by Everspan ("Everspan Policy").

2. Specifically, VDV requested that Everspan defend and indemnify VDV under the Everspan Policy in connection with a motor vehicle accident that occurred on May 24, 2024, on Interstate Highway 57, in Tuscola Township, in Douglas County, Illinois.

3. However, neither the driver Yuldashev nor the accident vehicle are scheduled in the Everspan Policy. Accordingly, Everspan has disclaimed coverage to VDV with respect to the May 24, 2024, accident.

4. Accordingly, Everspan seeks a judicial declaration as to the parties' rights and obligations under the Everspan Policy with respect to the accident as follows:

> Everspan has no duty to defend or to indemnify VDV or Yuldashev with respect to the accident because the terms, conditions and/or exclusions of the Everspan Policy operate to preclude coverage.

## JURISDICTION AND VENUE

5. Jurisdiction over the claim contained herein is invoked pursuant to 28 U.S.C. §1332(a)(1) and (3) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

6. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the this Lawsuit occurred in this District, including where defendants Yuldashev, Estate of Quyen T. Nguyen, Estate of Phuong H. Ngu, and Dung D. Nguyen reside, and where the Underlying Lawsuits are ongoing.

## I. PARTIES

7. Plaintiff Everspan is a foreign corporation, with its principal place of business in New York, New York.

2

8. Defendant VDV is a foreign corporation, with its principal place of business in the State of Indiana.

9. Upon information and belief, Defendant Yuldashev is an individual who resides in Illinois.

10. The following individuals are "potentially interested" parties and are named as defendants because they are underlying claimants in connection with the Accident:

   a. Upon information and belief, Defendant Estate of Quyen T. Nguyen ("Quyen") is an estate administered and probated in the State of Illinois and is named as a potentially interested party by virtue of his/her status as a Plaintiff in Giao Tran, Quyen Nguyen v. Murodjon Yuldashev, et al., Case No. 2024-L-008753, pending in the Circuit Court of Cook County, Illinois.

   b. Upon information and belief, Defendant Estate of Phuong H. Nguyen ("Phuong") is an estate administered and probated in the State of Illinois and is named as a potentially interested party by virtue of his/her status as a Plaintiff in Dung Nguyen, Phuong Nguyen v. Murodjon Yuldashev, et al., Case No. 2024-L-008745, pending in the Circuit Court of Cook County, Illinois..

   c. Upon information and belief, Defendant Dung D. Nguyen ("Dung") is an individual residing in the State of Illinois and is named as a potentially interested party by virtue of his/her status as a Plaintiff in Dung Nguyen v. Murodjon Yuldashev, et al., Case No. 2024-L-008747, pending in the Circuit Court of Cook County, Illinois..

   d. Upon information and belief, Defendant Estate of Bang Kim Nguyen ("Bang Kim") is an estate administered and probated in the Socialist Republic of Vietnam.

  e. Upon information and belief, Defendant Estate of Tham Nguyen ("Tham") is an estate administered and probated in the Socialist Republic of Vietnam.

11. An actual justiciable controversy exists between Everspan on the one hand, and VDV, Yuldashev and the "potentially interested" parties, on the other hand. By the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## II. BACKGROUND FACTS

12. This matter arises out of a motor vehicle accident which occurred on May 24, 2024, on Interstate Highway 57, in Tuscola Township, in Douglas County, Illinois (the "Accident").

13. Upon information and belief, on the date of loss, driver Yuldashev was operating a 2019 Volvo VNL, 4V4NC9EHXKN196023 ("Accident Vehicle"), hauling an empty trailer.

14. Upon information and belief, on the date of loss, Yuldashev was driving the Accident Vehicle northbound in the left lane on Interstate 57. At the time of the accident, Yuldashev lost control of his rig, crossed the median, and collided with the 2023 Chrysler Voyager operated by Quyen. Bang Kim, Phuong, Than, and Dung were passengers in Quyen's vehicle.

15. Quyen, Bang Kim, Phuong, and Than were pronounced dead at the scene by emergency personnel. Dung, who was in critical condition, and Yuldashev, whose injuries were not life threatening, were taken to Carle Foundation Hospital.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

16. Everspan restates and reiterates each and every allegation contained in paragraphs 1-14 of the complaint as if restated at length herein.

17. Everspan issued commercial auto policy number CW3EVE-000024-01 (the "Everspan Policy" or the "Policy") to VDV, which was effective at all times relevant to the present action. Attached as **Exhibit A** is the Everspan Policy, which contains the following pertinent provisions:

> **Declarations**
> **ITEM TWO**
> **Schedule Of Coverages And Covered Autos**
>
> This Policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Motor Carrier Coverage Form next to the name of the coverage.
>
> | Coverages | Covered Autos | Limit or Deductible | Premium |
> |---|---|---|---|
> | **Covered Autos Liability** | 67 | Limit: $1,000,000 CSL Deductible: $0 | $11,188.66 |
>
> **MOTOR CARRIER COVERAGE FORM**
> **SECTION I – COVERED AUTOS**
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
> A. Description Of Covered Auto Designation Symbols
>
> | Symbol | Description Of Covered Auto Designation Symbols | |
> |---|---|---|
> | 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
>
> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
> **A. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

The Everspan Policy contains the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**UNSCHEDULED DRIVER EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
AUTO DEALERS COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
GARAGE COVERAGE FORM

This policy is amended as follows:

This insurance does not apply to "bodily injury", "property damage" or any other "loss" or damage caused while the "auto(s)" described in the Declarations or any other "auto" to which the coverage of this policy may apply is being driven or operated by anyone other than the following scheduled person(s):

| DRIVER | DATE OF BIRTH |
|---|---|
| VICTORIO BELCHER | |

This exclusion does not apply to Uninsured Motorists, Underinsured Motorists, Medical Payment and Personal Injury Protection Coverage benefits where they are required to be provided to an excluded driver by state statute.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

18. The Accident Vehicle was not listed on the Schedule of Autos at the time of the Accident. Accordingly, the Accident Vehicle was not a covered auto under the Everspan Policy.

19. Moreover, Yuldashev is not listed on the Everspan Policy's Driver Schedule; thus, he was not an approved driver at the time of the loss. Accordingly, there is no coverage under the

6

Everspan Policy for any claims for damages incurred by Defendants Quyen, Bang Kim, Phuong, Than, and Dung arising or resulting from the Accident.

20. Accordingly, Everspan seeks a declaration that it has no duty to defend or indemnify VDV or Yuldashev with respect to the Accident because neither Yuldashev nor the Accident Vehicle are scheduled in the Everspan Policy.

21. An actual controversy exists between Everspan and VDV and Yuldashev with respect to the parties' obligations under the Everspan Policy with respect to the Accident.

22. Everspan has no adequate remedy at law.

**SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF**

23. Everspan repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21 as if set forth more fully herein.

24. The Everspan Policy contains additional terms, conditions and exclusions setting forth the scope of coverage.

25. Everspan also has no duty to defend or indemnify VDV or Yuldashev with respect to the Accident to the extent the terms, conditions, or exclusions of the Everspan Policy otherwise operate to preclude coverage or to the extent VDV or Yuldashev has other available insurance.

26. Accordingly, Everspan seeks a declaration that it has no duty to defend or indemnify VDV or Yuldashev with respect to the Accident to the extent the terms, conditions and/or exclusions of the Everspan Policy otherwise operate to preclude coverage or to the extent VDV or Yuldashev has other available insurance.

WHEREFORE, Everspan Indemnity Insurance Company respectfully requests that this Court enter judgment in favor of Everspan, award Everspan its costs and any other relief this

Court deems appropriate, and make a judicial declaration of the parties' rights and obligations under the Everspan Policy with respect to the Accident, including as follows:

a. Everspan has no obligation to defend or indemnify VDV or Yuldashev against any liability for damages arising from the Accident because neither the driver nor the accident vehicle are scheduled in the Everspan Policy.

b. Everspan has no obligation to defend or indemnify VDV or Yuldashev against any liability for damages arising from the Accident because the terms, conditions and/or exclusions of the Everspan Policy otherwise operate to preclude coverage or VDV or Yuldashev has other available insurance.

c. Awarding Everspan costs of suit, attorneys' fees, and such other relief as the Court may deem proper and just.

Dated: September 25, 2024

                                            GOLDBERG SEGALLA LLP

                                            By: _____*s/Bruce M. Engel*_____
                                                    One of the Attorneys for Plaintiff
                                                    EVERSPAN INDEMNITY INSURANCE
                                                    COMPANY

Bruce M Engel (ARDC # 6188910)
**GOLDBERG SEGALLA LLP**
222 West Adams Street, Suite 2250
Chicago, IL 60606
Telephone: (312) 572-8441
Facsimile: (312) 572-8401
E-mail: bengel@goldbergsegalla.com

OF COUNSEL:
Laurence J. Rabinovich
Barclay Damon LLP
1270 Avenue of the Americas
Suite 501
New York, NY 10020

Telephone: (212) 784-5824
Facsimile:   (212) 784-5771
E-mail:   LRabinovich@barclaydamon.com

Attorneys for Plaintiff
EVERSPAN INDEMNITY INSURANCE COMPANY