**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Everspan Indemnity Insurance Company, | | |
| Plaintiff/Counter-Defendant, | | No. 1:24-CV-08871 |
| v. | | Judge Edmond E. Chang |
| VDV Trucking, Inc., | | |
| Defendant, | | |
| Estate of Quyen T. Nguyen, Estate of Bang Kim Nguyen, Estate of Phuong H. Nguyen, Estate of Tham Nguyen, and Dung D. Nguyen, | | |
| Intervenor-Defendants/Counter-Claimants. | | |

**MEMORANDUM OPINION AND ORDER**

Everspan Indemnity Insurance Company filed this suit seeking a declaration that it does not have a duty to defend or indemnify VDV Trucking, Inc., in connection with litigation arising from a trucking accident. R. 1, Compl.[1] Everspan also named as potentially interested parties the one surviving passenger as well as the estates of the accident's four decedents. *Id.* ¶¶ 10, 14–15. The five accident victims, who have sued VDV in state court, now raise the same counterclaim: that they are entitled to a declaration that Everspan must pay up to $1,000,000 for "any final judgment" for

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

which VDV fails to pay.[2] R. 27, Certain Estates' Answer at 11–16; R. 60, Joint Status Report (noting that the remaining estates adopt the same counterclaim). Because no final judgment has been entered in the accident victims' underlying suits, Everspan contends that the counterclaim is not ripe, that the Court lacks jurisdiction, and that the Court thus should enter judgment in its favor on the pleadings. R. 48, Counter-Def.'s Mot.; R. 49, Counter-Def.'s Br. But the dispute is ripe for decision, so the Court denies Everspan's motion for judgment on the pleadings.

## I. Background

On May 24, 2024, VDV's driver operated a truck hauling an empty trailer on Interstate 57. Certain Estates' Answer ¶¶ 12–13, 20. He lost control, crossed the median, and collided with a passenger vehicle. *Id.* ¶¶ 13–14. Amongst those in the passenger car, Quyen Nguyen (the driver), Bang Kim Nguyen, Phuong Nguyen, and Tham Nguyen were pronounced dead at the scene, and Dung Nguyen was taken to the hospital in critical condition. *Id.* ¶¶ 14–15. The accident spawned several lawsuits in state court against VDV. *Id.* ¶ 10.

VDV requested that Everspan defend and indemnify it pursuant to the terms of an insurance policy that Everspan issued to it. Certain Estates' Answer ¶ 2. In response, Everspan filed this action under the Declaratory Judgment Act, 28 U.S.C.

---

[2]This Court has diversity jurisdiction over this case. 28 U.S.C. § 1332. Everspan was incorporated in Arizona with its principal place of business in New York. Compl. ¶ 7; R. 16, Jurisdictional Memo. at 1. VDV was incorporated in Indiana with its principal place of business in Indiana. Compl. ¶ 8; Jurisdictional Memo. at 1. Each of the Counter-Claimants is a citizen of either Illinois or Vietnam. Jurisdictional Memo. at 2–3.

§ 2201, seeking a declaration that it has neither a duty to defend nor a duty to indemnify. *See generally* Compl. After VDV did not appear in this suit, the Court granted Everspan's motion for default judgment, R. 45. R. 46, 04/03/25 Minute Entry. The Court also entered judgment against VDV, R. 47.[3]

That leaves the counterclaim. The estates and Dung Nguyen seek a declaration on the applicability of Form MCS-90, an endorsement within the insurance policy that requires Everspan "to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 …." R. 1-1, Ins. Policy at 45–47; Certain Estates' Answer at 11–16. Everspan contends that the dispute over the MCS-90 endorsement is not ripe for decision, and moves to dismiss the counterclaim on that ground.

## II. Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In ruling on a motion for judgment on the pleadings,

---

[3]The Court previously entered default judgment against VDV's driver, Murodjon Yuldashev. *See* R. 35, Mot. for Default Judgment; R. 44, 03/18/25 Minute Entry; R. 47, Judgment. But because Yuldashev's presence in this case would destroy complete diversity between the parties, Everspan has since voluntarily dismissed its claims against Yuldashev, and the default judgment against Yuldashev has since been vacated. R. 68, Notice of Voluntary Dismissal; R. 69, 03/04/26 Minute Entry.

the Court must accept all well-pleaded allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party cannot prove any set of facts sufficient to support his claim for relief. *Id.* In deciding a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

### III. Analysis

Because no final judgment has been entered in any of the underlying suits, Everspan contends that the applicability of the MCS-90 endorsement is not an issue ripe for consideration. Counter-Def.'s Br. at 8–11. Everspan frames the problem as jurisdictional: whether a dispute is ripe for consideration implicates the mandate in Article III of the Constitution that federal courts have jurisdiction to consider only actual cases or controversies. *Id.* at 8–9.

Everspan is mostly, but not completely, right. By virtue of Article III, it is true that federal courts have jurisdiction over only cases or controversies. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024). And like standing, ripeness "originate[s] from the same Article III limitation." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014) (cleaned up).[4]

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

But the Supreme Court has also been careful to distinguish two types of ripeness concerns, one based on the Constitution, the other not. "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010). So whether an issue "is ripe for judicial review" depends both on "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808. Ripeness thus "'is peculiarly a question of timing' rather than a limit on subject-matter jurisdiction." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006) (quoting *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974)). Where "a plaintiff's asserted injury may depend on so many future events that a judicial opinion would be advice about remote controversies," then the purported dispute may fall outside Article III's ambit. *Id.*

"[P]otential indemnity" is one example of an issue that "is part of a larger controversy that is neither conjectural nor speculative." *Sadowski*, 441 F.3d at 538–39. The Seventh Circuit thus recognizes the general rule that, unlike the duty to defend, "decisions about indemnity should be postponed until the underlying liability has been established" while also underscoring that "the rule is not absolute." *T.H.E. Ins. Co. v. Olson*, 51 F.4th 264, 270 (7th Cir. 2022) (cleaned up). One rationale is that a conclusion that there is no duty to defend also forecloses any possibility of a duty to indemnify. *Sadowski*, 441 F.3d at 539. But a duty to indemnify can be resolved even

5

in the absence of any intertwined duty to defend. *See generally Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 679–81 (7th Cir. 1992) (accepting jurisdiction over suit brought by excess insurer seeking only declaration on duty to indemnify).

Some principles guide the application of the general rule. If the issue is "purely legal rather than factual," then it is "more likely to be fit for judicial review." *T.H.E. Ins. Co.*, 51 F.4th at 270. For example, "[t]he *meaning* of [an] agreement … waits on no future condition" and is ripe for judicial review. *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 378 (7th Cir. 2019) (emphasis added).

Resolution of the MCS-90 endorsement is ripe for decision. First, the issue is fit for judicial review. Everspan contends that this issue is *never* ripe for review before a final judgment in the underlying suit. *See generally* Counter-Def.'s Br. at 6–11. But Everspan does not contend that the meaning or application of the MCS-90 endorsement turns on any facts at all, much less facts that may be at issue in the Counter-Claimants' underlying suits. As currently presented, the Counter-Claimants press for a declaration of the "meaning of the [MCS-90 endorsement] as applied to [their] claims," which "waits on no future condition." *Amling*, 943 F.3d at 378; *see also* R. 50, Counter-Claimants' Resp. at 7–8. And even if final judgment in the underlying cases were a future condition, it does not amount to "so many future events" or "remote contingencies" that a declaration of the endorsement's application would be "conjectural or speculative." *Sadowski*, 441 F.3d at 538–39; *see also Bankers Tr. Co.*, 959 F.2d at 680–81 (concluding that case or controversy still existed despite possibility that underlying-suit plaintiff could lose, thus mooting need for declaratory judgment,

6

because "Article III requires only a probabilistic injury"). Indeed, despite the same concerns, Everspan sought—and received, via default judgment—a declaration that it had no duty to indemnify VDV. R. 47.

Second, the Counter-Claimants would face hardship if the Court does not consider the issue. Without a decision on the MCS-90 endorsement, the Counter-Claimants face "uncertainty," Counter-Claimants' Resp. at 9, because they will proceed with litigation against VDV without knowing how much they may be able to recover, if any.

Finally, the matter is prudentially ripe. Everspan wants it both ways: it argues that the application of the MCS-90 endorsement is not ripe before an underlying final judgment, but it also sought a declaration that it has no duty to indemnify before underlying liability is established. To thread that needle, Everspan argues that a duty to indemnify can be resolved if it depends only on legal issues and that, by contrast, the endorsement should not be resolved because the case remains at the early pleadings stage. R. 51, Counter-Def.'s Reply at 2–3, 7. But these rationales apply with equal force in the opposite directions: neither issue is fact bound, and both issues were before the Court at the pleadings stage. *Cf. Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 495 (7th Cir. 2011) ("This conclusion applies the familiar equitable principle of judicial estoppel: a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a later proceeding.").

## IV. Conclusion

Everspan's motion for judgment on the pleadings and to dismiss the counter-claim, R. 48, is denied. Because Everspan has already answered the counterclaim, R. 40, the parties shall confer on a discovery schedule on the counterclaim. The parties shall file a joint status report proposing a discovery schedule on April 13, 2026. If the parties (or one side or the other) believe that the case can be decided on cross-motions for judgment on the pleadings, then the report should explain the basis for that position.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: March 28, 2026

8